UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER RYAN GARCIA,<br><br>  Plaintiff,<br><br> v.<br><br>MENDOCINO COUNTY SHERRIF'S OFFICE, et al.,<br><br>  Defendants. | Case No. 16-cv-01849-MEJ<br><br>**ORDER OF SERVICE** |

Plaintiff, an inmate at the Mendocino County Jail, has filed a pro se civil rights action under 42 U.S.C. § 1983. He is granted leave to proceed in forma pauperis by separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

The complaint alleges the following:

In mid-November of 2015, plaintiff was in an administrative segregation cell at the Mendocino County Jail. Out of boredom, he was standing on the sink to see if he could touch the ceiling. Defendant correctional officer Montevias walked by and ordered plaintiff down. Plaintiff complied. Montevias then began calling plaintiff names, and the two began "trading insults back and forth." Montevias stated "You fucked up now, scumbag," and left the housing unit. He returned with two other correctional officers, defendants Zavala and Dow. They opened plaintiff's tray slot and ordered him to "cuff up," i.e., submit to handcuffs. Plaintiff complied with orders by placing his arms behind his back and through the slot.

Montevias then handcuffed plaintiff, yanking his arms through the tray slot painfully and aggressively. The handcuffs were so tight that they cut off circulation to plaintiff's wrists. Montevias then yanked again even harder and started bending plaintiff's right index finger as if

1    trying to break it. Plaintiff managed to pull away from the door to stop the pain.

2    All three officers then entered plaintiff's cell, and Montevias proceeded to grab plaintiff's
3    head and slam it into the wall two times. Montevias then started punching plaintiff in the ribs.
4    The officers then pulled plaintiff out of the cell. While escorting plaintiff out, Montevias was
5    pushing plaintiff's arms up and behind plaintiff's head causing pain.

6    Plaintiff was placed in a safety cell that was typically reserved for suicidal inmates. The
7    safety cell was covered in someone else's feces and mucus. Plaintiff remained in the safety cell
8    for twenty-four hours, after which time he was placed in a cell in the medical room.

9    Montevais came to the medical room and said to plaintiff, "You better not say anything
10   about what happened because I didn't write you up about that pruno that one time." Montevias
11   then sat down in a chair outside plaintiff's cell and read the newspaper. During this time, plaintiff
12   received no medical treatment. A nurse informed him that she had been ordered not to treat his
13   injuries, but only to take his vital signs.

14   Plaintiff also alleges that defendants Captain Pearce, Lieutenant Bednar, and Sergeant
15   Spearce were all aware of the jail correctional officers' violent conduct towards inmates but did
16   nothing about it.

17   After he returned to his cell, all of plaintiff's property had been taken, and he was denied
18   all medical request forms and grievance forms. When he was able to finally submit a grievance,
19   defendant correctional officer Delasanto refused to process his grievance multiple times.

20   Plaintiff's ribs remained bruised for a month, making it difficult to breathe. Plaintiff still
21   has visible bumps on his wrist and head and still suffers pain in his right shoulder. He has been
22   informed that it will take him up to eight months to heal.

23   **DISCUSSION**

24   **A.    Standard of Review**

25   A federal court must conduct a preliminary screening in any case in which a prisoner seeks
26   redress from a governmental entity or officer or employee of a governmental entity. See 28
27   U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any
28   claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). With respect to excessive force, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). But not every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical

force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Id. An inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. Id. at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Liberally construed, plaintiff's complaint states cognizable Eighth Amendment claims for excessive force as against defendants Montevias, Dow, Zavala, Pearce, Bednar, and Spearce. Plaintiff's complaint also states a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs as against defendant Montevias.

Plaintiff's claim against defendant Delasanto regarding the refusal to process his inmate grievances is dismissed with prejudice because there is no constitutional right to a prison or jail administrative appeal or grievance system in California, and therefore no due process liability for failing to process or decide an inmate appeal properly. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

Finally, the remaining defendant is the Mendocino County Sheriff's Office. To impose liability under Section 1983 against a municipal entity such as Mendocino County for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997); see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). Plaintiff does not allege any policy by Mendocino County that led to the alleged actions against him. Accordingly, this defendant is DISMISSED. Dismissal is without prejudice. If plaintiff is able to allege a municipal liability claim, in good faith, against the Mendocino County Sheriff's Office, he may move for leave to amend the complaint.

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. The complaint states the following cognizable claims: (1) excessive force as against defendants Montevias, Dow, Zavala, Pearce, Bednar and Spearce, and (2) deliberate indifference to serious medical needs as against defendant Montevias.

2. Defendant Delasanto is DISMISSED with prejudice from this action. Defendant Mendocino County Sheriff's Office is DISMISSED without prejudice. The Clerk shall terminate these defendants from the docket in this action.

3. The Clerk shall issue summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, a copy of the complaint with all attachments, and a copy of this Order on **Correctional Officer Montevias**, **Correctional Officer Dow**, **Correctional Officer Zavala**,

**Captain Pearce**, **Lieutenant Bednar**, and **Sergeant Spearce** at the **Mendocino County Jail**. The Clerk shall also mail a courtesy copy of this Order to the Office of the Mendocino County Counsel.

    4.    In order to expedite the resolution of this case, the Court orders as follows:

        a.    No later than **91 days** from the date this Order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

        b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this Order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this Order as he prepares his opposition to any motion to dismiss.

        c.    Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

    5.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is

entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

6. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely

1  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
2  to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every
3  pending case every time he is moved to a new facility.

4        9.  Any motion for an extension of time must be filed no later than the deadline sought
5  to be extended and must be accompanied by a showing of good cause.

6        10.  Plaintiff is cautioned that he must include the case name and case number for this
7  case on any document he submits to the Court for consideration in this case.

8  **IT IS SO ORDERED.**

9  Dated: July 19, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge